**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 24, 2020**

# In the Court of Appeals of Georgia

A20A0078. IN THE INTEREST OF J. B., a child.

McFADDEN, Chief Judge.

This case involves the modification of a mother's visitation rights and child support obligation imposed when the permanent guardianship of her child, J. B., was awarded to the child's paternal aunt. The mother argues that the juvenile court's modification order must be reversed because she was not advised of her right to counsel. The child's guardian ad litem, the party who initiated the modification proceeding, agrees. The aunt does not oppose the mother's appeal. So we reverse.

In 2015, the juvenile court awarded permanent guardianship of J. B. to her aunt. Three years later, the child's guardian ad litem filed a motion to modify the visitation and child support provisions of the guardianship order.

The aunt with her attorney, the guardian ad litem, and the mother, who did not have an attorney, appeared in the juvenile court for a hearing on the motion. The juvenile court judge encouraged the parties to try to reach an agreement and left the courtroom so that they could discuss the case. Upon her return to the courtroom, the juvenile court judge asked whether the mother had completed an application for an attorney, and the mother stated that "before I finished filling out the application, I was going to see about this one person." The juvenile court judge responded, "Okay. That's fine. I just wanted to make sure we processed it, if you had completed it." The judge continued the case so that the parties could proceed with their settlement negotiations. In the written order of continuance, the juvenile court judge stated that she was continuing the matter to give the mother an opportunity to obtain legal counsel.

Close to three months later, the hearing resumed. The mother was still unrepresented. The juvenile court judge asked the mother whether she had an attorney, the mother responded no, the juvenile court judge asked if she was ready to go forward, the mother responded, "Sure," and the hearing proceeded, resulting in the order on appeal.

The mother argues that her statutory right to counsel was violated. The guardian ad litem agrees. Although the aunt does not agree with the mother's position, she states that she does not object to the modification order being reversed or vacated. We agree with the mother and the guardian ad litem.

A child and the parties have the right to an attorney at all stages of dependency proceedings. OCGA § 15-11-103 (a). The party (other than the child)

> shall be informed of his or her right to an attorney prior to any hearing [and] shall be given an opportunity to: (1) Obtain and employ an attorney of such party's own choice; (2) Obtain a court appointed attorney if the court determines that such party is an indigent person; or (3) Waive the right to an attorney, provided that such waiver is made knowingly, voluntarily, and on the record.

OCGA § 15-11-103 (g).

"Here, the record reveals that the juvenile court failed to follow OCGA § 15-11-103 (g)[.]" *In the Interest of C. H.*, 343 Ga. App. 1, 10 (1) (b) (805 SE2d 637) (2017). Among other deficiencies, "the record contains no colloquy in which the [mother] waived [her] right to counsel. As a result, the record conclusively demonstrates that the [mother was] denied [her] right to counsel at the [hearings]. In view of this violation of the [mother's] due process rights, the [modification] order[]

3

by the juvenile court [is] void." Id. at 11 (citation and footnote omitted). So we reverse.

*Judgment reversed. Doyle, P. J., and Hodges, J., concur.*